IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN BRITT JOHANSSON
6405 Glenmore Street
Philadelphia, PA  19142

       v.                      CIVIL ACTION

CITY OF PHILADELPHIA
One Parkway
1515 Arch Street
14th Floor
Philadelphia, PA  19102
       and                JURY TRIAL DEMANDED
POLICE OFFICER JOHN DOE
One Parkway
1515 Arch Street
14th Floor
Philadelphia, PA  19102

## COMPLAINT

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343(1)(3)(4) and the aforementioned statutory provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide the state law claims under 28 U.S.C. §1367(a) because the state law claims are predicated upon a common nucleus of operative facts.  Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) and (2) as all defendants reside here and the events/omissions giving rise to the claim occurred in this judicial district.

## PARTIES

2. Plaintiff is female and a resident of Philadelphia, Pennsylvania, and at all times relevant to this action resided at the above address.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendants Doe.

4. Defendants Doe, all of whom are believed in July of 2000, to be assigned to the 12th Police District, are and were at all times relevant to this action police officers with the Philadelphia Police Department and were at all times relevant hereto acting under color of state law and in concert and conspiracy with the other defendants to deprive plaintiff of her constitutional rights. They are sued in their official capacities.

5. At all relevant times, all defendants Doe were acting under color of state law and/or in conspiracy with each other.

5. At all relevant times, all actions taken by all defendants Doe were in concert and agreement with each other and were part of a conspiracy to improperly assault plaintiff and to otherwise deprive plaintiff of her constitutional and statutory rights.

6. Each of the defendants Doe had a duty to plaintiff to provide proper and appropriate care to and for plaintiff but each defendant breached that duty.

## FACTS

7. On or about July 13, 2000, defendants Doe entered plaintiff's home by tearing the second floor window screens, unlocking the windows and climbing through the window. Defendants Doe did not have plaintiff's permission to enter their home and had no lawful reason or right to enter plaintiff's home.

8. Once inside plaintiff's home, defendants Doe entered plaintiff's bathroom where plaintiff, who was naked, was taking a bath. Defendants Doe forced plaintiff to leave the bathtub and stand naked before them while they ordered her to get dressed.

9. After defendants Doe handcuffed plaintiff, defendants Doe transported her against her will to Mercy Catholic Medical Center where she remained for five (5) days until she was able to be released after a due process hearing.

10. At no time did plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made. At no time did the plaintiff commit any illegal acts, or engage in any conduct which in any way justified the actions of any or all defendants Doe.

11. The assaults against plaintiff were known by the individual defendants to be without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

12. As a direct and proximate result of the actions of all defendants, plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent, and some or all of which have required continued professional care and treatment.

13. As a direct and proximate result of the actions of all individual defendants, plaintiff was subjected to excessive force, physical and verbal abuse without just or probable cause.

14. At no time did plaintiff pose a threat to defendants Doe, or to the safety of any other persons.

15. At no time did plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the County of Philadelphia.

16. The actions of defendants Doe were undertaken in a menacing manner, designed to cause plaintiff fear, distress and embarrassment.

17. The acts of defendants Doe were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

18. The acts and omissions of the individual defendants were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show defendants' indifference to the danger of harm and injury.

19. The individual defendants and others whose identities are not yet known conspired to inflict harm on plaintiff and to deprive her of her constitutional rights.

20. In July of 2000, plaintiff filed a Citizens Complaint/Report No. 000798 with the Police Advisory Commission. This complaint was accepted for investigation in August of 2000 by the Executive Director of the Police Advisory Commission ("PAC").

21. On information and belief, defendant City of Philadelphia and officials in the Philadelphia Police Department in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff access to the courts and to due process, have refused to identify the defendants Doe and have refused to cooperate with the PAC investigation.

22. Defendants Doe and various others engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by unlawfully entering, searching, seizing and depriving plaintiff of property and liberty without due process of law, subjecting plaintiff to excessive force, and attempting to deprive plaintiff of access to the courts and to due process.

23. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, plaintiff suffered pain, fear, anxiety, embarrassment, loss of liberty, confinement, physical injuries, severe emotional trauma, and the loss of the enjoyment of life, property damage all to her great detriment and loss.

24. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to her great financial detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

25. The averments set forth in paragraph 1-24, inclusive, are incorporated herein as though fully set forth.

26. As a direct and proximate result of defendants' above described unlawful and malicious conduct, committed under color of the Philadelphia Police Department, and while acting in that capacity, the defendants deprived plaintiff of the equal protection of the laws and plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States; excessive force, to be secure in ones' person and property, to access to the courts, and to due process of law, all to plaintiff's great detriment and loss. As a result, plaintiff suffered grievous harm, in violation of plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

27. As a direct and proximate result of the acts and omissions of defendants, plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to plaintiff's great detriment and loss.

28. The City of Philadelphia, by its policymaker, the Police Commissioner, permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

   a. Allowing the unjustified, unreasonable and illegal use of-force by police officers; and

   b. Allowing the abuse of police powers, including unlawful searches and seizures, false arrest, harassment and unreasonable force, by officers; and

   c. Concealing the identity of officers who have committed wrongs.

29. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Use of force by police officers;

   b. Exercise of police powers by police officers; and

   c. Police officers use of their status as police officers to exact revenge, punish innocent citizens or to achieve ends not reasonably related to their police duties.

30. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers and who conceal the identity of other police officers and/or fail to cooperate in official investigations of police officers, thereby causing and encouraging Philadelphia police, including defendants Doe in this case, to violate the rights of citizens such as the plaintiff.

31. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers of the City of

Philadelphia, including defendants in this case, to believe that they can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

32.  The actions of all defendants, acting under color of state law and/or in concert or conspiracy with each other, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in ones' person and property, to be free from the excessive use of force to have access to the courts, and to due process of law.

33.  Defendants City of Philadelphia and the individual named defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived plaintiff of her constitutional and statutory rights.

34.  By these actions, all defendants have deprived plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

35.  Plaintiff is entitled to fees and costs under 42 U.S. C. §1988.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIMS

36.  Plaintiff hereby realleges paragraphs 1-35 of this Complaint, as though fully set forth herein.

37.  The acts and conduct of all defendants alleged in the above stated cause of action were in concert and conspiracy with each other and constitute assault and battery, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, tortious interference with constitutional rights,

negligence, gross negligence, and as against defendant City, negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate said claims.

38. As a direct and proximate result of defendant's conduct, plaintiff suffered and continues to suffer from the injuries as stated above.

## PUNITIVE DAMAGES

39. The averments set forth in paragraphs 1-38, inclusive, are incorporated herein as though fully set forth.

40. The conduct of the individual defendants was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict serious bodily harm and mental distress upon plaintiff.

41. As a result of the acts of the individual defendants alleged in the preceding paragraphs plaintiff is entitled to punitive damages as to each cause of action as against the individual defendants on both her federal and state law claims. Plaintiff cannot and does not seek punitive damages against the defendant City.

## JURY DEMAND

42. Plaintiff demands a jury trial as to each defendant and as to each count.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages in excess of $150,000.00;

    b. Punitive damages;

    c. Issue a declaratory judgment that the practices and policies

       complained of are unconstitutional;

    d.    Reasonable attorney's fees, delay damages and costs; and

    e.    Such other and further relief as appears reasonable and just.

 

_____
NANCY D. WASSER
Identification No. 23363
1617 JFK Boulevard
Suite 1130
Philadelphia, PA  19103
(215) 864-9333
Attorney for Plaintiff

Dated:  July 15, 2002