IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN BRITT JOHANSSON

      v.                                                     CIVIL ACTION

CITY OF PHILADELPHIA                       NO. 02-4684
    and
POLICE OFFICER JOHN DOE

## ORDER

      AND NOW, this      day of            , 2003, upon consideration of Plaintiff's Motion to Compel Responses to Subpoena directed to Records Custodian for the City of Philadelphia Police Advisory Commission dated April 24, 2003, said motion is hereby granted.  The Records Custodian for the City of Philadelphia Police Advisory Commission is ordered to appear and produce the documents subpoenaed within ten (10) days of this date or suffer appropriate sanctions.

                                                      BY THE COURT:


                                                      _____
                                                      FULLAM, SR. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN BRITT JOHANSSON

      v.                                   CIVIL ACTION

CITY OF PHILADELPHIA                      NO. 02-4684
    and
POLICE OFFICER JOHN DOE

**MOTION TO COMPEL RESPONSES TO
SUBPOENA DIRECTED TO RECORDS CUSTODIAN
FOR THE CITY OF PHILADELPHIA
POLICE ADVISORY COMMISSION
<u>DATED APRIL 24, 2003</u>**

Plaintiff Ann Britt Johansson, by and through her undersigned counsel, hereby moves that this Court compel responses to the subpoena directed to the Records Custodian for the City of Philadelphia Police Advisory Commission dated April 24, 2003 and, in support of this Motion, incorporates by reference the facts and arguments set forth in the accompanying Memorandum of Law.

                                                                           _____
                                                            NANCY D. WASSER, ESQUIRE
                                                            LAW OFFICES OF NANCY D. WASSER
                                                             1617 John F. Kennedy Blvd., Suite 1130
                                                            Philadelphia, PA 19103
                                                             215-864-9333
                                                             Attorney for Plaintiff Ann Britt Johansson

Dated: May 22, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN BRITT JOHANSSON

      v.                                                        CIVIL ACTION

CITY OF PHILADELPHIA                                NO. 02-4684
      and
POLICE OFFICER JOHN DOE

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL RESPONSES TO
SUBPOENA DIRECTED TO RECORDS CUSTODIAN
FOR THE CITY OF PHILADELPHIA
POLICE ADVISORY COMMISSION
<u>DATED APRIL 24, 2003</u>**

**I.    FACTS**

On July 13, 2000, numerous Philadelphia Police Officers broke into Plaintiff Ann Britt Johansson's home in Southwest Philadelphia without authority to do so. The Officers then entered the bathroom where plaintiff, who was naked, was taking a bath. Plaintiff was ordered to get dressed and was then handcuffed and transported against her will to Mercy Catholic Medical Center, where she was involuntarily committed as a "Jane Doe" under the Mental Health Act by one of the Philadelphia Police Officers. Plaintiff remained committed until July 18, 2000, when a mental health officer dismissed the petition after a due process hearing. This was the first and only opportunity plaintiff had had to be heard.

Defendants had no legal authority to enter plaintiff's home and had no legal authority to take her into custody, handcuff, transport and/or commit her. Plaintiff had not committed any criminal offense, nor had she engaged in any conduct which justified the search of her home, the seizure of her person and her virtual imprisonment for five (5) days. Indeed, according to the one sentence incident report (the sole municipal document which

predates March of 2003) prepared by defendants, plaintiff was "observed by police walking on the roof [and] she was brought down and transported" and committed. Plaintiff's roof was flat, similar to a deck, which extends above the porches on this block of rowhouses.

In July of 2000, plaintiff filed a complaint with the Philadelphia Police Advisory Commission (hereinafter "PAC"). Plaintiff's complaint was accepted for investigation as of August 22, 2000. Plaintiff's complaint into this matter was allegedly investigated by the PAC.

On July 15, 2002, this action was commenced by the filing of a Complaint wherein plaintiff states claims against the City of Philadelphia and Police Officers John Doe and Jane Doe. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and state law claims. The gravamen of plaintiff's complaint against defendant City of Philadelphia is that the City had a pattern, practice and custom of: allowing unjustified, unreasonable and illegal use of force by police officers; allowing the abuse of police powers; concealing the identity of officers who have committed wrongs. Plaintiff also alleges that the City was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of: use of force by police officers; exercise of police powers by police officers; and police officers' use of their status as police officers to exact revenge, publish innocent citizens or to achieve ends not reasonably related to their police duties. Plaintiff further alleges that defendant City failed to properly sanction or discipline officers.

On April 24, 2003, plaintiff subpoenaed the Records Custodian for the PAC to appear on May 5, 2003. Plaintiff's subpoena sought:

> Any and all documents, including but not limited to,
> memorandum, letters, e-mails, notes, invoices, interviews,
> statements, photographs and any other documentation
> whatsoever regarding the Police Advisory Commission

2

>Complaint No. 000798 filed by Ann Britt Johansson, d.o.b. 9/12/68 and Luther Lewis.

A true and correct copy of the April 24, 2003 Subpoena is attached hereto and incorporated herein as Exhibit "A".

The Records Custodian did not appear as commanded by the subpoena. Instead, counsel for PAC, another attorney with the City Solicitor's Office, orally, and then in writing, advised that no documents (other than the documents plaintiff or plaintiff's counsel had sent to the PAC) would be produced. THE PAC asserted privilege pursuant to the Executive Order that established the Commission, Executive Order No. 8-93. The PAC also asserted a blanket privilege "including but not limited to the attorney client and deliberative process privilege, and the doctrine of work product." The PAC does not provide any information regarding the specific documents which it claims are privileged. The PAC further objects that the requests are "irrelevant, overbroad and vague, unreasonably burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence."

A blanket privilege was asserted as were boilerplate objections. A true and correct copy of the PAC's May 5, 2003, letter asserting objections to the subpoena is attached hereto and incorporated herein as Exhibit "B". The information the PAC obtained or did not obtain in the course of, what will be in August 2003, an "open and active" three (3) year investigation is highly probative in this case.

## II. ARGUMENT

### A. Plaintiff's motion to compel must be granted because the requested documents are not protected from disclosure by any recognized privilege.

The scope of discovery is provided by Federal Rule of Civil Procedure 26 which provides, in pertinent part:

> **(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> **(1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(1), all relevant material is discoverable unless a privilege applies to such material.

Evidentiary privileges asserted in federal court are governed by Federal Rule of Evidence 501 which provides, in pertinent part:

> [T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. In this Circuit, where, as here, both federal and state law claims are

4

alleged, federal privilege law is applied. Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000) (citation omitted).

1. **The PAC has waived all claimed privileges because the PAC has failed to comply with the mandates of Federal Rule of Civil Procedure 26(b)(5).**

The PAC asserts various privileges, including privilege pursuant to Executive Order No. 8-93, attorney-client privilege, deliberative process privilege and privilege pursuant to the doctrine of work product. The PAC has waived these claims of privilege.

Under the Federal Rules of Civil Procedure, a party withholding documents under a claim of privilege must "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). In the present case the PAC has failed to comply with the mandates of Rule 26(b)(5).

The PAC's failure to comply with Rule 26(b)(5) has prevented plaintiff and this Court from evaluating their claim of privilege pursuant to Executive Order No. 8-93, attorney-client privilege, deliberative process privilege and privilege pursuant to the doctrine of work product. Because the PAC has failed to comply with Rule 26(b)(5), Plaintiff's motion to compel must be granted.

2. **Executive Order No. 8-93 does not create a federally recognized privilege.**

The PAC objects to the production of documents demanded in plaintiff's subpoena on the grounds that the production is prohibited by Executive Order No. 8-93. A true and correct copy of Executive Order No. 8-93 is attached hereto and incorporated herein as Exhibit "C". Even if the PAC has not waived its asserted privilege pursuant to Executive

5

Order No. 8-93, no such privilege exists.

The portion of Executive Order No. 8-93 on which the PAC relies is Section 5. Section 5. provides:

> a. It shall be the duty of the Police Department to provide such assistance as the Commission may reasonably request, to cooperate fully with studies by the Commission, and to provide to the Commission upon request records, personnel, and other materials which are necessary for the work of the Commission. No document or information obtained through this process, or created by the Commission or any member of its staff, shall be released to the public unless such document is deemed by the Commission (following consultation wit the City Solicitor) to be a public record under the Pennsylvania Right to Know Act, 65 P.S. 66.1, et seq.
>
> b. The Commission and its members shall not make public any confidential police document, or information derived from any such confidential police document. The findings of the Commission as they may relate to conclusions drawn from interviews, study, and review of documents, etc., shall remain confidential until the Commission officially releases such findings, provided, however, that the Commission shall not publicly release any of its findings until such findings have been provided to the Mayor, the Managing Director, and the Police Commissioner, and a period of three (3) working days has elapsed.

Executive Order No. 8-93 Section 5.b.

Plaintiff has found no federal or Pennsylvania state case, and the PAC has cited to none, recognizing a privilege based on Executive Order No. 8-93. Therefore, the PAC is, in essence, requesting that this Court fashion a new privilege as part of the federal common law.

"The federal approach to the recognition of new privileges is characterized by two principal features. First, Rule 501 should be understood as reflecting the view that the recognition of a privilege based on a confidential relationship ... should be determined on

6

a case-by-case basis." Pearson, 211 F.3d at 66 (quoting Jaffee v. Redmond, 518 U.S. 1, 9, 116 S.Ct. 1923 (1996)) (internal quotation marks omitted). The test to be applied is whether new privilege "promotes sufficiently important interests to outweigh the need for probative evidence." Pearson, supra at 66 (citations and internal quotations omitted). The second principal feature:

> is that the considerations against the recognition of new privileges that would impede access to probative evidence are granted very significant weight. "'For more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional.'" Jaffee, 518 U.S. at 9, 116 S.Ct. 1923 (quoting 8 J. Wigmore, Evidence S 2192, p. 64 (3d ed.1940)).

Pearson, supra at 67.

Because of the strong policy in favor of allowing parties access to probative evidence, new privileges are disfavored and are very rarely recognized. Id. (citations omitted). Federal courts must assess new privileges on a case-by-case basis, "but they are to conduct that assessment with a recognition that only the most compelling candidates will overcome the law's weighty dependence on the availability of relevant evidence." Id.

Where there is a state law which establishes a privilege, the case for recognizing the privilege is stronger. Id. However, "[t]he appropriateness of deference to a state's law of privilege is diminished . . . in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege." This is because there is "a special danger in permitting state governments to define the scope of their own

privilege when the misconduct of their agents is alleged." Id. at 68 (citations and internal quotation marks omitted).

This Court must not recognize the privilege asserted by the PAC pursuant to Executive Order No. 8-93. In the present case the PAC does not assert that any state law privilege applies. Rather, the PAC relies on an Executive Order signed by then Philadelphia Mayor Edward Rendell. However, this Executive Order does not attempt to establish an evidentiary privilege. Rather, the Executive Order merely concerns confidentiality. Such provisions relating to duties of confidentiality "do not automatically imply the creation of evidentiary privileges binding on courts." Pearson, supra at 68.

Additionally, it cannot be said that the privilege asserted "promotes sufficiently important interests to outweigh the need for probative evidence." The information sought by plaintiff from the PAC goes to the very heart of the present action. In the present action plaintiff has alleged that the City was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of: use of force by police officers; exercise of police powers by police officers; and police officers' use of their status as police officers to exact revenge, publish innocent citizens or to achieve ends not reasonably related to their police duties. Plaintiff further alleges that defendant City failed to properly sanction or discipline officers. Therefore, one of the crucial questions in this case is whether anything was even done to investigate plaintiff's complaint. Plaintiff has no other way to obtain this information than by obtaining documents from the PAC.

It cannot be said that the interests of the PAC in refusing to produce the documents outweigh plaintiff's need for the documents. The PAC cites to the need to

"encourage candor in those communicating with the Commission."  This interest would potentially be implicated if the PAC were to make an indiscriminate public disclosure of documents related to its investigations.  However, the limited disclosure of documents related to one complaint before the PAC will not discourage candor toward the Commission.  If it is determined that this concern is valid, plaintiff would consent to a confidentiality order limiting the disclosure to plaintiff and plaintiff's counsel.

In weighing the competing interests and cognizant of the "special danger in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged," Pearson, supra at 68 (citations and internal quotation marks omitted), federal courts have routinely denied the requests of police departments and related agencies for recognition of privileges comparable to those sought by the PAC.  See Revelle v. Darby Borough Police Officer Trigg, et al., 1999 WL 80283 (E.D.Pa. 1999) (in action against the Darby Borough Police Department and individual police officers alleging excessive use of force and claim of municipal liability for engaging in a policy, practice or custom of acquiescence or deliberative indifference to the excessive use of force by its officers, recognition of executive privilege denied and motion to compel production of documents related to complaints and investigatory files in the custody of the Delaware County District Attorney and the Police Department concerning the named officer defendants granted in part); Johnson v. City of Philadelphia, 1994 WL 612785 (E.D.Pa. 1994) (in action alleging violation of 42 U.S.C. § 1983 against police officers and the City of Philadelphia recognition of privilege denied and motion to compel production of personnel files, performance evaluations and information concerning prior lawsuits involving the defendant officers alleging similar

9

claims granted); Cameron v. City of Philadelphia, 1990 WL 151770 (E.D.Pa. 1990) (information concerning complaints, lawsuits and disciplinary proceedings involving defendant officers were discoverable); Renshaw v. Ravert, 82 F.R.D. 361 (Ed. Pa. 1979) (in action against police officers and city, motion to compel granted for production of documents related to complaints concerning the officers' conduct and disciplinary or internal police review of their activities as police officers); Crawford v. Dominic, 469 F.Supp. 260 (E.D.Pa. 1979) (documents pertaining to disciplinary proceedings and citizens' complaints against defendant officers ordered produced for in-camera review).

For the foregoing reasons, this Honorable Court must not recognize the privilege pursuant to Executive Order No. 8-93 asserted by the PAC and must grant plaintiff's motion to compel.

**3. The PAC has waived its asserted deliberative process privilege and the deliberative process privilege does not apply to the documents sought by plaintiff from the PAC.**

The PAC asserts that the documents requested in plaintiff's subpoena are protected by the deliberative process privilege. As set forth in section II.A.1., the PAC has waived this asserted privilege by failing to comply with Fed.R.Civ.P. 26(b)(5).

The PAC has also waived this privilege by failing to comply with the specific requirements for asserting the deliberative process privilege. An objection to production of documents on the ground of deliberative process privilege must be made "'by the head of the department which has control over the matter, after actual consideration by that officer.'" United States v. O'Neill, 619 F.2d 222, 226 (3d Cir. 1980) (quoting United States v. Reynolds, 345 U.S. 1, 7-8, 73 S.Ct. 528 (1953)). Moreover, "the claim of privilege must specify for what documents the privilege is being claimed as well as

10

'precise and certain' reasons for non-disclosure of the documents." Revelle v. Darby Borough Police Officer Trigg, et al., 1999 WL 80283, *2 (E.D.Pa. 1999) (citing O'Neill, supra at 326).  In the present case the PAC did not assert the deliberative process privilege through the head of the PAC.  Rather, the privilege was asserted by its attorney.

Additionally, the PAC has failed to provide "precise and certain" reasons for the non-disclosure of the requested documents.  The PAC has merely made the assertion that the disclosure is necessary "[i]n order to encourage candor in those communicating with the Commission and to facilitate the investigative process."  May 5, 2003 letter attached hereto and incorporated herein as Exhibit "B".  "[T]he mere bald assertion that discovery of the information will breach the confidence of police and citizens who have given information and deter future disclosures is not a sufficient basis for withholding discovery of relevant evidence."  Revelle, supra at *3 (citing Crawford v. Dominic, 469 F.Supp. 260, 264 (E.D.Pa. 1979); Frankenhauser v. Rizzo, 59 F.R.D. 229, 244 (E.D.Pa. 1973)).

Because the PAC has failed to properly assert the deliberative process privilege, the PAC has waived this privilege and plaintiff's motion to compel must be granted.

Even when the deliberative process privilege is properly asserted, the privilege is a qualified one which must be evaluated on a case-by-case basis.  O'Neill, supra at 230-231; Frankenhauser, supra at 244.  The privilege is "'designed to protect only documents whose disclosure would so seriously hamper operations of government that they should be kept secret notwithstanding their utility in establishing the litigant's claim.'"  Revelle, supra at *4 (quoting Siegfried v. City of Easton, 146 F.R.D. 98, 101 (E.D.Pa. 1992)).  For

the reasons set forth more fully above, at Section II.A.2., federal courts have routinely refused to recognize the deliberative process privilege asserted by police departments and related agencies in circumstances comparable to the present case.  See <u>Revelle v. Darby Borough Police Officer Trigg, et al.</u>; <u>Johnson v. City of Philadelphia</u>, 1994 WL 612785 (E.D.Pa. 1994); <u>Cameron v. City of Philadelphia</u>, 1990 WL 151770 (E.D.Pa. 1990); <u>Renshaw v. Ravert</u>, 82 F.R.D. 361 (Ed. Pa. 1979); <u>Crawford v. Dominic</u>, 469 F.Supp. 260 (E.D.Pa. 1979).

For the foregoing reasons, this Honorable Court must not recognize the deliberative process privilege asserted by the PAC and must grant plaintiff's motion to compel.

 **B.     Plaintiff's motion to compel must be granted because the PAC's objections the requests in plaintiff's subpoena are without merit.**

The PAC objects that the requests are "irrelevant, overbroad and vague, unreasonably burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence."  These objections are without merit and, indeed, border on being frivolous.  Plaintiff's requests are clear, well-defined and are limited to documents related to the complaint filed with the PAC by plaintiff and plaintiff's husband for investigation of the same events at issue in this litigation.  The information sought is clearly relevant to this action.

For the foregoing reasons, this Honorable Court must grant plaintiff's motion to compel.

**III.   CONCLUSION**

For the facts and reasons set forth above, plaintiff respectfully requests that this Court grant plaintiff's Motion to compel responses to the subpoena directed to the Records Custodian for the City of Philadelphia Police Advisory Commission dated April 24, 2003.

                                              Respectfully,

                                              _____
                                              NANCY D. WASSER, ESQUIRE
                                              LAW OFFICES OF NANCY D. WASSER
                                              1617 John F. Kennedy Blvd., Suite 1130
                                              Philadelphia, PA 19103
                                              215-864-9333
                                              Attorney for Plaintiff Ann Britt Johansson

Dated:  May 22, 2003

# CERTIFICATE OF SERVICE

I, Nancy D. Wasser, attorney for Plaintiff Ann Britt Johansson, hereby certify that copies of the foregoing Plaintiffs' Motion to Compel Responses to Subpoena Directed to Records Custodian for the City of Philadelphia Police Advisory Commission Dated April 24, 2003 and Memorandum of Law in support thereof have this day been served upon the following by first class U.S. mail:

Edward D. Chew, Jr., Esquire
City of Philadelphia
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

Attorney for Defendant City of Philadelphia

Eleanor N. Ewing, Esquire
City of Philadelphia
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

Attorney for the City of Philadelphia Police Advisory Commission

_____
NANCY D. WASSER, ESQUIRE
LAW OFFICES OF NANCY D. WASSER
1617 John F. Kennedy Blvd., Suite 1130
Philadelphia, PA 19103
215-864-9333
Attorney for Plaintiff Ann Britt Johansson

Dated: May 22, 2003