**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANN BRIT JOHANSSON                    :        CIVIL ACTION


        v.                            :        NO.    02-CV-4684


CITY OF PHILADELPHIA, *et al.*                :

**DEFENDANT CITY OF PHILADELPHIA'S REQUESTED POINTS FOR JURY**
<u>**CHARGE**</u>

Defendant, City of Philadelphia, respectfully requests that the Court charge the Jury as

follows:

(Please ignore gaps in the numbering system.)


**CITY OF PHILADELPHIA - LAW DEPARTMENT**
**NELSON A. DIAZ**
**City Solicitor**


By:    _____
       **EDWARD D. CHEW, JR.**
       Senior Attorney
       1515 Arch Street - 14th Floor
       Philadelphia, PA 19102-1595
       (215) 683-5420
       *fax* (215) 683-5397
       *e-mail* edward.chew@phila.gov

       Attorney for the Municipal Defendant(s)

**POINT NO. 1**

**<u>NO SYMPATHY</u>**

In determining the issues of liability, you must not allow sympathy for plaintiff's injuries or emotion to affect your decision. <u>Burch v. Reading Co.</u>, 240 F.2d 574 (3rd Cir. 1957), *cert. denied*, 353 U.S. 965, 77 S.Ct. 1049 (U.S. Pa. 1957).

**POINT NO. 2**

<u>**CREDIBILITY**</u>

You are the sole judge of the credibility of the witnesses as well as of the testimony which you have heard. When you decide whether or not to believe a witness, or when you are judging the evidence, use your common sense.

In testing whether the testimony of a witness is credible you should consider his demeanor or appearance on the witness stand, whether he is evasive or forthright in his answers, and, among other things, whether he appears to be biased or prejudiced because of some interest which he has in the outcome of the case; that is, whether he will gain or lose as a result of the verdict. *See* 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, <u>Civil</u>, § 73.01 (4th Ed. 1987)

**POINT NO. 3**

**<u>CREDIBILITY OF WITNESSES</u>**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses call to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. 1 Devitt, Blackmar and O'Malley, <u>Federal Jury Practice and Instructions,</u> <u>Civil and Criminal</u> § 15.01 (4th Ed. 1987).

**POINT NO. 4**

**<u>CREDIBILITY-RIGHT TO DISREGARD TESTIMONY</u>**

A witness or a party may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness testified or made statements which are inconsistent with the witness' present testimony.  If you believe any witness has been impeached, and thus, discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think is appropriate concerning any material matter.  You have the right to distrust such a witness' testimony and other particulars and may reject all testimony of that witness or give it such credibility as you may think it deserves. *See*  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> <u>Civil,</u> § 73.04 (4th Ed. 1987).

**POINT NO. 5**

**"FALSUS IN UNO, FALSUS IN AMNIBUS"**

There is a maxim in law known as "falsus in uno, falsus in amnibus," which means that a person who has falsely testified with regard to one material fact in issue may have falsely testified with regard to all facts in issue. If you find that a witness has testified falsely in regard to any material facts in issue, then you are free to disregard all of his or her testimony or to accept part and reject part thereof as you see fit. *See* 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, <u>Civil</u>, § 73.04 (4th Ed. 1987).

**POINT NO. 6**

**CREDIBILITY OF WITNESSES--INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.   See, 1 Devitt, Blackmar and O'Malley Federal Jury Practice and Instructions, Civil and Criminal § 15.06 (4th Ed. 1987).

POINT NO. 7

**CREDIBILITY OF WITNESSES--DISCREPANCIES IN TESTIMONY**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he [or she] impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear on either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may of may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such, weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a

larger number of witnesses to the contrary. *See* 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, <u>Civil</u>, § 73.01 (4th Ed. 1987).

**POINT NO. 8**

**BURDEN OF PROOF**

Plaintiff has the burden of proving each and every element of his case by a preponderance of the evidence. If you find that a preponderance of the evidence supports each of the issues that plaintiff has raised, then he is entitled to recover. If plaintiff does not prove each and every element of his case by a preponderance of the evidence, then you must find in favor of the defendant. Burch v. Reading Co., 240 F.2d 574 (3rd Cir. 1957), *cert. denied*, 353 U.S. 965, 77 S.Ct. 1049 (U.S. Pa. 1957).

**POINT NO. 9**

**PREPONDERANCE OF THE EVIDENCE**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, or course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 72.01 (4th Ed. 1987)

**POINT NO.  10**

**<u>WITNESSES</u>**

You should not believe or disbelieve plaintiff's testimony merely because  is the plaintiff. In weighing  testimony, however, you must consider the fact that  has a vital interest in the outcome of this trial.  You may take this interest into account along with all other facts and circumstances bearing on credibility in deciding what weight  testimony deserves. <u>See</u>, 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 73.01 (4th Ed. 1987).

**POINT NO.  11**

**NUMBER OF WITNESSES**

The number of witness offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased and whether they are interested or disinterested persons are among the important factors which go to the reliability of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses, and which evidence, you consider most worthy of belief.  Even the testimony of one witness may out weigh that of many, if you have reason to believe his testimony in preference to theirs. See, 1 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, Civil and Criminal, § 14.16 (4th Ed. 1987); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 72.13 (4th Ed. 1987).

**POINT NO.  12**

**APPEARANCE OF WITNESSES**

In testing whether the testimony of a witness is credible you should consider his demeanor or appearance on the witness stand, whether he is evasive or forthright in his answers, and among other things, whether he appears to be biased or prejudiced because of some interest which he has in the outcome of the case, that is, whether he will gain or lose as a result of the verdict. See, 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 73.01 (4th Ed. 1987).

**POINT NO.  13**

**USE OF COMMON SENSE IN ASSESSING WITNESSES**

You are the sole judge of the credibility of the witnesses as well as of the testimony which you have heart.  When you decide whether or not to believe a witness, or when you are judging the evidence, use your common sense.

**POINT NO.  20**

**GENERAL DAMAGES**

Under 42 U.S.C. § 1983, the plaintiff is only entitled to those actual or compensatory damages substantially caused by the actions of the defendants.  See Memphis Community School District v. Strachura, ___ U.S. ___, 106 S.Ct. 2537 (1986).

The purpose of actual/compensatory damages is to compensate the plaintiff for the specific wrong, not to deter future violations of his civil rights.  Carey v. Piphus, 435 U.S. 247 (1978).

Any award for actual/compensatory damages must be supported by a finding of a direct causal link, or proximate cause.  "Proximate cause" may be defined as "that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred."  Taylor v. Allis Chalmers Manufacturing Company, 320 F.Supp. 1381, 1388 (E.D. Pa. 1969), aff'd, 437 F.2d 416 (3rd Cir. 1970).

**POINT NO. 21**

**<u>DAMAGES MUST BE REASONABLE</u>**

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 85.14 (4th Ed. 1987).

**POINT NO. 22**

**DAMAGES--MUST HAVE BEEN PROXIMATELY CAUSED**

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 85.15 (4th Ed. 1987).

**POINT NO.  23**

**DAMAGES--NOT PUNITIVE--WHEN CAUSED BY NEGLIGENCE**

If you should find that the plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the defendant, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney's fees. 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil,</u> § 85.16 (4th Ed. 1987).

**POINT NO.  24**

**DAMAGES: LIFE EXPECTANCY--TABLE OF MORTALITY**

The standard table of mortality which the court has judicially noticed and received into evidence in this case may be considered by you in determining how long the claimant may live. According to the table of mortality, the life expectancy in this country of a (gender) person      years of age is

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex, and that estimate is based upon a limited record of experience.  So the inference which may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence in the case bearing upon the life expectancy of the plaintiff, including his occupation, habits, past health record, and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income (or future support from a spouse) should be measured only by the plaintiff's remaining work
life expectancy, not his entire life expectancy. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 85.10 (4th Ed. 1987).

**POINT NO.  25**

**DAMAGES--PUNITIVE AND EXEMPLARY--WHEN CAUSED BY INTENTIONAL TORT--"MALICIOUSLY''---"WANTONLY"---"OPPRESSIVELY"---DEFINED**

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in the case that the plaintiff is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of the defendant, which proximately caused actual injury or damages to the plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done if done in a way or manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by

taking advantage of some weakness, or disability, or misfortune of another person. Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that the defendant's act or omission, which proximately caused actual damage to the plaintiff, was maliciously or wantonly or oppressively

done; but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for actual or compensatory damages. And you should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reasons, and must never be either awarded, or fixed in amount, because of any sympathy or bias or prejudice with respect to any party to the case.   3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 85.19 (4th Ed. 1987).

**POINT NO.  26**

<u>**PUNITIVE DAMAGES AWARDED ONLY FOR CERTAIN ACTS**</u>

Plaintiff is only entitled to punitive damages under 42 U.S.C.A.  sec. 1983 if you find that the actions of the defendants were deliberate or willful, or made in reckless disregard of the plaintiff's rights.  <u>Smith v. Wade</u>, 461 U.S. 30 (1983); <u>Adickes v. S.H. Kress and Co.</u>, 398 U.S. 44 (1970); <u>Cochetti v. Desmond</u>, 572 F.2d 102 (3rd Cir. 1978).

**POINT NO.  27**

**<u>EXEMPTION FROM PUNITIVE DAMAGES</u>**

The City of Philadelphia and the individual defendants in their official capacities are not liable for punitive damages.  <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).

**POINT NO. 50**

**NO LIABILITY UNDER DOCTRINE OF RESPONDEAT SUPERIOR**

      In any event, under 42 U. S. C. § 1983 liability cannot be imposed based on the doctrine of Respondeat Superior, that is simply because the City of Philadelphia employs the defendants. Curtis v. Everette, 489 F.2d 516 (1981);  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3rd Cir. 1976); See also, Monell v New York City Department of Social Services, 436 U. S. 658, 98 S.Ct.  2018 (1978); Jones v. City of Philadelphia, 491 F. Supp. 284 (E. D. Pa. 1980).

**POINT NO. 51**

**CAUSATION AND MUNICIPAL LIABILITY**

The City of Philadelphia cannot be held liable under Section 1983 for an injury unless the plaintiff proves that the execution of a governmental policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury so that the government as an entity is responsible under section 1983. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Furthermore, the plaintiff must prove it is more likely than not that the alleged unconstitutional policy, custom, or practice caused the plaintiff's injuries. See Monell, supra; City of Los Angeles v. Heller, 475 U.S. 796 (1986); Jett v. Dallas Independent School District, 491 U.S. 701, 109 S.Ct. 2702, 2723 (1989); Simmons v. City of Philadelphia, 947 F.2d 1042 (3rd Cir. 1991), cert. denied ___ U.S. ___, 112 S.Ct. 1671, 118 L.Ed. 2d. 391 (1992); and Williams v. Borough of West Chester, 891 F.2d 458 (3rd Cir. 1989).

To prevail against the City of Philadelphia, the plaintiff must prove it is more likely than not that an official, with policy making authority in the area in question, had actual knowledge that individuals like the plaintiff were being deprived of their constitutional right to be free from involuntary emergency medical examination and treatment without probable cause. Absent actual knowledge on the part of the final policy maker(s), the plaintiff cannot prevail under section 1983 against the City of Philadelphia because he has failed to prove a direct causal link between the alleged injury and the alleged unconstitutional harm.

**POINT NO. 52**

**POLICY-MAKER**

    The officials who can bind the municipality thus are those "whose edicts or acts may fairly be said to represent official policy."  Monell v. New York City Dept. of Social Services, 436 U.S. at 694, 98 S.Ct. 2037-38 (1978).  Which official or officials has final policymaking authority for a municipality on a particular issue is a question of state law, to be decided by the judge by referring to state and local law, as well as custom or usage having the force of law.  Jett v. Dallas Independent School District, 491 U.S. 701, 109 S.Ct. 2702, 2723 (1989).

**POINT NO. 53**

**PROOF OF A SINGLE INCIDENT**

Proof of a single incident by a lower level employee acting under color of law does not suffice to establish either an official policy or custom. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 105 S.Ct. 2427 (1985).

**POINT NO. 54**

**MUNICIPAL LIABILITY UNDER 42 U. S.C. § 1983**

In order to sustain a claim under section 1983, plaintiffs must demonstrate that defendant, acting under color of state law, deprived plaintiff of a right or privilege secured by the Constitution or laws of the United States without due process of law. Furthermore, a claim will not survive where it alleges that mere negligence caused unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327, 328 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 467 (3rd Cir. 1989), citing, City of Los Angeles v. Heller, 457 U.S. 796 (1986).

**POINT NO. 55**

**BURDEN OF PROOF UNDER MONELL**

The City of Philadelphia can only be held liable if plaintiff proves, by a preponderance of the evidence, that city employees were executing:  (1) an officially adopted policy declared by City officials; or (2) that while not acting pursuant to an officially adopted policy,  the officers were acting pursuant to an officially adopted custom of the City of Philadelphia.  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

**POINT NO. 56**

**<u>CUSTOM AND PRACTICE</u>**

A municipal custom for § 1983 purposes is "such practices of state officials...[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 691, 98 S.Ct. at 2036, <u>quoting</u> <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 167-68, 90 S.Ct. 1598, 1613 (1970). "Municipal liability under § 1983 attaches where - and only where- a deliberate choice to follow a course of action is made from among various alternatives." <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, (opinion of Brennan, J.) (1986). <u>See</u> <u>also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 109 S.Ct. 11997, 1205 (1989); <u>City of Oklahoma City v.  Tuttle</u>, 471 U.S. 808, 823, 105 S.Ct. 2427,      2436      (opinion      of      Rhenquist,      J.)      (1958).

**POINT NO. 57**

**BURDEN OF PROOF AGAINST CITY EMPLOYEE**

In order to prove his claim against the city employees, the burden is upon the plaintiff to establish by a preponderance of the evidence each of the following elements.

First:          City of Philadelphia Police Officers took plaintiff from her home to Mercy Hospital for involuntary emergency medical evaluation and treatment without probable cause.

Second:          That the officers then and there acted under the color or the authority of the Commonwealth of Pennsylvania.

Third:          That the officers acts were the proximate cause of damages sustained by the plaintiff.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 103.03 (4th Ed. 1987).

**POINT NO. 58**

**<u>FAILURE TO TRAIN: FIVE ELEMENTS REQUIRED AS PROOF</u>**

In order to establish municipal liability based on an alleged policy of inadequate training and supervision, the plaintiff must also prove by a preponderance of the evidence:

1) that the training and/or supervision in the area of involuntary emergency medical evaluation and treatment executed by the Philadelphia Department was inadequate; <u>and</u>

2) identify specifically a responsible policy maker who knew that said training and supervision was inadequate; <u>and</u>

3) prove that the official knew that said inadequate policies were resulting in the deprivation of constitutional rights; <u>and</u>

4) prove that the identified policy maker made a conscious choice or was deliberately indifferent to the inadequate procedures and did nothing to correct them; <u>and</u>

5) establish an affirmative link between the alleged policies and the cause of the plaintiff's alleged violation of rights.

<u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808 (1985). <u>See</u> <u>also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 (1986); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978); <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988); <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981); <u>Simmons v. City of Philadelphia</u>, 947 F.2d 1042 (3rd Cir. 1991), cert. denied ___ U.S. ___, 112 S.Ct. 1671 (1992); 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions, Civil</u>, § 103.11A (1994 Pocket by K. O'Malley) (1987).

**POINT NO. 59**

**<u>FAILURE TO TRAIN AND DELIBERATE INDIFFERENCE</u>**

  Inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came in contact.  <u>City of Canton Ohio v. Harris</u>, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed. 2d 412 (1989).  The "deliberate indifference' standard is not satisfied by merely alleging that the existing training program for class of employees, such as police officers, represents a City policy for which the city is responsible.  <u>City of Canton Ohio</u>, 103 L.Ed. 2d at 427.

**POINT NO.  60**

**FAILURE TO TRAIN: SCIENTER-LIKE EVIDENCE NEEDED**

Neither is it sufficient to show that a particular officer may be unsatisfactorily trained, for the officer's shortcomings may have resulted from factors other than a faulty training program.  Furthermore, it will not suffice to prove that an injury or accident could have been avoided if an officer had better or more training.  City of Canton Ohio v. Harris, 103 L.Ed. 2d at 428.  Instead, plaintiff must show scienter-like evidence of a conscious decision or deliberate indifference of a high-level official determined by the Court, in accordance with local law, to have final policy making authority in the areas in question.  Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. den. ___U.S.___, 112 S.Ct. 1671, 118 L.Ed. 2d 391 (1992).

**POINT NO. 61**

**POLITICAL SUBDIVISION TORT CLAIMS ACT**

Absent a showing that Defendant, City of Philadelphia, is liable under a § 1983 theory of unconstitutional policy or practice, plaintiff can prevail against the City only in those limited instances permitted by the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq  The Tort Claims Act provides eight separate circumstances in which the Defendant, City of Philadelphia, may be held liable for the acts of its employees.  42 Pa. C.S. § 8542(b)(1)-(8).  The Act further provides that Defendant, City of Philadelphia may not be held liable for injuries and/or damages caused by acts of an employee which constitute "a crime, actual fraud, actual malice, or willful misconduct."  42 Pa. C.S. § 8550.  In the instance of such activity, only the City employee, and not the City itself, may be held liable.  City of Philadelphia v. Glim, 613 A.2d 613 (Pa. 1992).

Although the "Liability of a political subdivision is based primarily on personal liability of its officials through the operation of respondeat superior,"  the Code does not purport to impose governmental liability for the willful tortious conduct of its employees.  Buskirk v. Seiple,   560   F.Supp.   247,   252   (E.D.   Pa.   1983)   (citations   omitted).

**POINT NO. 62**

**<u>TORT CLAIMS ACT'S BLANKET IMMUNITY</u>**

The Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 <u>et</u> <u>seq</u>. (hereinafter the Act), governs when a municipality or its employees may be held liable for damages for injury to person or property.  The  Act grants a general blanket of immunity with eight narrowly construed exceptions.  <u>Snyder v. Harmon</u>, 522 Pa. 424, 562 A.2d 307 (1989); <u>Mascaro v. Youth Studies Center</u>, 514 Pa. 351, 523 A.2d 1118 (1987).

**POINT NO. 63**

**TORT CLAIMS ACT'S TWO THRESHOLDS**

In order to recover under the Act <u>a claimant must establish two separate and distinct thresholds</u>.  <u>First</u>, the claimant must show that a common law based negligence cause of action exists which allows for recovery of damages.   <u>Secondly</u>, a claimant must establish that the negligence alleged fits into one of the eight exceptions to governmental immunity provided for in the Act.  42 Pa. C.S.A. § 8542 (a) & (b); <u>Phillips v. City of Philadelphia, et al.</u>, 148 Pa. Cmwlth. 175, 601 F.2d 509 (1992);  <u>See</u> <u>also</u>, <u>Grula v. Comm. Dept. of Transportation</u>, 123 Pa. Cmwlth. 458, 554 A.2d 593 (1989); <u>Farber v. Engle</u>, 106 Pa. Cmwlth. 173, 525 A.2d 864 (1984).

**POINT NO. 64**

**PLAINTIFF'S STATE LAW CLAIMS FOR INTENTIONAL TORTS**

The City of Philadelphia cannot be held liable for the intentional tortious conduct of its employees; therefore you are directed to find in favor of the City of Philadelphia on plaintiff's assault and battery claim.  Buskirk v. Seiple, 560 F. Supp. 247 (E. D. Pa. 1983); 42 Pa. C. S. A. § 8541 et seq.

**POINT NO. 65**

**WILFUL MISCONDUCT UNDER THE TORT CLAIMS ACT**

Under the Tort Claims Act, "willful misconduct" means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.  This, of course, would necessarily entail actual prior knowledge of the [harm].  Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).  See also Williams v. City of Philadelphia, 131 Pa. Cmwlth. 71, 569 A.2d 419 (1990).

**POINT NO. 66**

**<u>EXTENT OF EMPLOYEE LIABILITY UNDER THE TORT CLAIMS ACT</u>**

An employee of the City of Philadelphia can only be held liable to the extent that the City can be held liable under the Act. 42 Pa. C.S.A. § 8550.

**POINT NO. 71**

<u>**14TH AMENDMENT**</u>

The Fourteenth Amendment of the Constitution of the United States provides, in pertinent part, that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive a person of life, liberty, or property, without due process of law ..." U. S. Const. Amend. XIV.

**POINT NO.  72**

**<u>COLOR OF LAW: REQUIRED ELEMENTS</u>**

Plaintiff must prove, by a preponderance of the evidence, that each defendant individually caused him to be:  1) deprived of a right, privilege or immunity guaranteed by federal law; and 2) that they were acting under the color of state law at the time of said deprivation.  <u>City of Oklahoma v. Tuttle</u>, ___ U.S. ___, 105 S.Ct. 2427 (1985); 42 U.S.C. § 1983.

**POINT NO.  73**

**SHOCKS THE CONSCIENCE STANDARD**

A city employee, like  Police Officers, who act under color of state law, violate the substantive due process rights of a person under the Fourteenth Amendment to the United States Constitution when the employee engages in arbitrary and oppressive conduct which shocks the judicial conscience.

To prevail the plaintiff must prove by a preponderance of the evidence that  they acted arbitrarily and oppressively with the **intent** to deprive plaintiff of her constitutional rights.  You must further find that their conduct shocks the conscience and was the direct cause of  plaintiff's harm. Collins v. Harker Heights,  ___ U.S. ____, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); Rochin v. California, 342 U.S. 165 (1952).

**POINT NO.  80**

**ASSAULT AND BATTERY: DEFINITION**

The law protects the physical integrity of every person from all unnecessary and unwarranted violation or interference.

Any intentional attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and an intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an "assault." An "assault" may be committed without actually touching, or striking, or doing bodily harm to the person of another.

Any intentional use of force upon the person of another is a "battery."  So the least intentional touching of the person of another if accompanied by an intentional use or display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes "battery."  3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 81.01 (4th Ed. 1987).

**POINT NO.  81**

<u>**COMPLETE DEFENSE TO CLAIM OF ASSAULT AND BATTERY**</u>

Self defense is complete defense to a claim of assault and battery, and self defense is established were the individual reasonably believes that he is in imminent danger of bodily harm. <u>Smith v. Lauritzen,</u> 356 F.2d 171 (3rd Cir. 1966).

**POINT NO. 90**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subjected to liability for such emotional distress and for any bodily harm to the other which results from the emotional distress.  Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118 (1970);  Forester v. Manchester, 410 Pa. 192, 189 A.2d 147 (1963); Hackney v. Woodring, ___ Pa. Super. ___, 622 A.2d 286 (1993); Restatement (Second) of Torts, § 46.

In order to find for the plaintiff on her claim of intentional infliction of emotional distress, the plaintiff must show by a preponderance of the evidence the following:

*First,* the conduct of the defendant was extreme and outrageous;

*Second,* the conduct was intentional or reckless;

*Third,* the plaintiff suffered emotional distress as a result of the defendant's conduct; and,

*Fourth,* the emotional distress was severe.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil, § 81.05 (4th Ed. 1987).

Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and is such as would be regarded as atrocious and utterly intolerable in a civilized community. Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118 (1970);  Forester v. Manchester, 410 Pa. 192, 189 A.2d 147 (1963); Hackney v. Woodring, ___ Pa. Super. ___, 622 A.2d 286 (1993); Restatement (Second) of Torts, § 46.

A case for intentional infliction of emotional distress is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"  Hackney v. Woodring, ___ Pa. Super. ___, 622 A.2d 286 (1993); Restatement (Second) of Torts,  § 46.

Pennsylvania law requires that "the outrageousness test protects defendants by the very extremity of the abomination required for liability. "  Rowe v. Marder, 750 F. Supp. 718, 726

(W.D. Pa. 1990), aff'd, 935 F.2d 1282 (3rd Cir. 1991).   The conduct complained of must be sufficiently "diabolical that any reasonable actor would know [it] was incurring liability."   Rowe v. Marder, 750 F.Supp. 718, 726 (W.D.Pa. 1990), aff'd, 935 F.2d 1282 (3rd Cir. 1990).   See, e.g., Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265,1274 (3rd Cir. 1979) (physician intentionally and falsely advised the plaintiff that he was suffering from a fatal disease); Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118 (1970) (mishandling of a corpse).

       To prove outrageous conduct on the part of the defendant, the plaintiff must prove that the alleged tortfeasor acted with intent to cause the plaintiff emotional distress. Intent has been defined as "[d]esign, resolve, or determination with which [a] person acts ... It presupposes knowledge." McNeal v. City of Easton,
143 Pa. Cmwlth. 151, 598 A.2d 638, 641,(1991), (quoting Black's Law Dictionary 727 (5th Ed. 1979)).

       The Restatement Second of Torts defines intent to denote that a party "desires to cause the consequences of his act, or that he believes the consequences are substantially certain to result from it. Restatement (Second) of Torts, § 8A (1965); See also, 1 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil and Criminal, §§  17.01, 17.04 (4th Ed. 1987).

       In order to prevail on a theory of intentional infliction of emotional distress plaintiff must also present affirmative medical evidence to prove that emotional injury was sustained due to the behavior of the defendants. Katzatsky v. King David Memorial Park, 515 Pa. 183, 527 A.2d 988 (1987); Forester v. Manchester, 410 Pa. 192, 189 A.2d 147 (1963).

**POINT NO. 110**

**<u>ARREST: DEFINITION</u>**

      An arrest is the taking of another person into custody under an assertion of legal authority to do so and for the purpose of bringing that person before a court or otherwise securing the administration of law.  An arrest may be accomplished by any act that indicates an intention to take the person into custody and that subjects him to the control of another.  Pennsylvania Suggested Standard Civil Jury Instructions, §13.04;  <u>McAleer v. Good</u>, 216 Pa. 473, 65 A. 934 (1907)

**POINT NO. 118**

<u>**GOOD FAITH "MISTAKES"**</u>

It is inevitable that law enforcement officers will in some cases reasonably but mistakenly conclude that probable cause to make an arrest is present. In such cases those officers, like other officials who act in ways they reasonably believe to be lawful, will not be held personally liable.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987).

**POINT NO. 130**

**<u>INVOLUNTARY EMERGENCY MEDICAL EXAMINATION AND TREATMENT</u>**

A police officer who personally observes the conduct of a person that provides reasonable grounds to believe that the person is severely mentally disabled and in need of immediate treatment, may take such person to an approved facility for an emergency examination.

Purdon's Pennsylvania Statutes and Consolidated Statutes Annotated, Purdon's Pennsylvania Statutes Annotated, Title 50 Mental Health, Chapter 15 Mental Health Procedures, Article III Involuntary Examination and Treatment