```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
ANN BRITT JOHANSSON              :    CIVIL ACTION
                                 :
     v.                          :
                                 :
CITY OF PHILADELPHIA             :    NO. 02-4684
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                   November   , 2003

At the close of plaintiff's evidence in this § 1983 case, I granted a defense motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, and now record the reasons for that decision, amplifying the oral rulings made from the bench.

Plaintiff was involuntarily committed for psychiatric evaluation, pursuant to § 302 of the Pennsylvania Mental Health Procedures Act, 50 Pa. Cons. Stat. Ann. § 7302. She was taken into custody by Philadelphia police officers at her home, and transported to Mercy Hospital for evaluation. She was kept at the hospital for five days, when she was permitted to sign herself out of the hospital "contrary to medical advice."

Plaintiff's evidence established that at least three different telephone calls had been made to the police "911" number, reporting that person was walking around on a porch roof and climbing in and out of windows. A police car was dispatched to the scene. The first officer to arrive testified that, as he

approached the designated location, he observed plaintiff on a porch roof, and that she seemed to be throwing objects to the sidewalk and street below. He spoke to plaintiff, but she did not respond. Instead, she climbed into the open window of a house (as it turned out, the house in which she resided). The officer testified that, although he was not certain, he believed that plaintiff was naked from the waist up. He radioed to headquarters, confirming that the "911" call had a factual basis, and awaited the arrival of a sergeant and other officers.

      The officers' knocks on the front door of the house were not answered. Eventually, the sergeant directed the officers to climb up and enter the house through the same window that plaintiff had used. Two male officers complied with that directive. Upon entering the house, they observed plaintiff through the open door of a bathroom. Plaintiff was naked, sitting in a bathtub. The water was running, but the drain was not plugged. Plaintiff appeared to be playing with toys of some kind. She failed to respond to their repeated communications. They attempted to open the front door of the house from the inside, but learned that it was locked, and could only be opened with the use of a key which they did not have. The officers outside the house obtained a screwdriver from a neighbor, and eventually the lock was removed, and the officers gained entrance to the house.

Female police officers succeeded in arranging for the plaintiff to get dressed, and to leave the bathroom.  Plaintiff was handcuffed, placed in a patrol wagon, and transported to Mercy Hospital for mental evaluation.

Plaintiff's complaint asserted civil rights violations, and various state law torts.  The complaint was filed on the very day that the statute of limitations expired.  Named as defendants were the City of Philadelphia and two "John Does."  In submitting its initial disclosures as required by the Federal Rules, the City listed all of the police officers involved in the incident.  However, plaintiff's counsel did not, at any time, seek to add any of the police officers as named defendants in the action.  Thus, at trial, plaintiff herself was the only named plaintiff, and the City of Philadelphia was the only named defendant.

Plaintiff's evidence at trial established that the plaintiff has had a very unfortunate life in many respects.  She was born in Africa, and grew up in Sweden where, apparently, her family still resides.  She was married some 16 years ago, but began to have serious mental health problems after the first few years of marriage.  She has been institutionalized three or four times, both in this country and in Sweden.  She has been diagnosed as schizophrenic, and has also been advised that her condition defies certain diagnosis.  She has great difficulty communicating, and tends either to remain silent, or to talk to

herself -- frequently in ways that make no sense.

Plaintiff's basic complaint in this action is that, since she was not committing any crimes, the police should not have arrested her; that the police officers should not have entered her house as they did; and that her privacy was grossly invaded because male police officers saw her in the nude, in her bathroom. She further complains that it was inappropriate for the officers to place her in handcuffs. The entire episode has adversely affected her mental health. Plaintiff declined to testify at trial.

I granted the Rule 50 motion for judgment as a matter of law for several reasons. First, and most important, there was no evidence of any official policy or officially sanctioned practice which would warrant imposing liability upon the City of Philadelphia, the only defendant. On the contrary, plaintiff's own evidence stressed the fact that the police department's written policy statements were adequate, but were not followed in all respects by the police officers in this incident. *Monell* liability was thus ruled out, and the City is shielded from liability under the state tort-claims statute. 42 Pa. Cons. Stat. Ann. § 8541 *et seq.*

In the second place, even if the police officers involved were deemed to be defendants in the action, all of them would plainly be entitled to qualified immunity, since they

reasonably believed that the plaintiff was acting in a way which posed a danger to herself or others, and that she needed mental evaluation.

Perhaps more importantly, § 7114(a) of the Pennsylvania Mental Health Statute provides that:

> "In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act ... shall not be civilly or criminally liable for such decision or for any of its consequences."

Plaintiff's husband testified that he believed that the police had inappropriately rummaged through his personal effects during the course of the incident, and that some of his possessions have not been found since the date of the incident. This testimony would not suffice to establish that the police did any of these things -- suspicion or conjecture is not enough -- but the issue need not be considered, since the husband is not a plaintiff in this action.

For all of the foregoing reasons, I granted defendant's motion for judgment as a matter of law.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANN BRITT JOHANSSON              :      CIVIL ACTION
                                 :
     v.                          :
                                 :
CITY OF PHILADELPHIA             :      NO. 02-4684
```

ORDER

AND NOW, this    day of November 2003, confirming the ruling made in open court, IT IS ORDERED:

That judgment as a matter of law is entered in favor of the defendant and against the plaintiff.  This action is DISMISSED with prejudice.

                                                    John P. Fullam, Sr. J.